# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>           Plaintiff,<br><br>     v.<br><br>A. K. SKRIBNER, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:06-cv-00198-OWW-LJO P<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS FILED ON OCTOBER 4, 2006<br><br>(Doc. 5)<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE OBJECTION AS MOOT<br><br>(Doc. 6)<br><br>ORDER DENYING MOTION FOR MISCELLANEOUS RELIEF<br><br>(Doc. 8)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF COPIES OF COMPLAINTS |

Plaintiff Shaun Darnell Garland ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 22, 2006. On March 22, 2006, the court ordered plaintiff to file an application to proceed in forma pauperis. On October 4, 2006, after plaintiff apparently failed to comply with the court's order, the court issued a Findings and Recommendations recommending dismissal of this action. On November 6, 2006, plaintiff filed a motion for an extension of time to file an objection and an objection. Because plaintiff filed an objection, his motion for an extension of time is moot and shall be denied. Further,

for the reasons set forth below, it is unnecessary for plaintiff to file any further response to the Findings and Recommendations.

The court has reviewed the actions filed by plaintiff in this district. This action was filed on February 22, 2006. Case number 2:06-cv-00400-FCD-DAD P was opened in the Sacramento Division on February 27, 2006, and transferred to this court on March 3, 2006, where it was assigned case number 1:06-cv-00270-OWW-WMW P and closed on April 21, 2006, on the ground that it was duplicative of this action. The court has reviewed the dockets in all three cases and notes that plaintiff filed a motion for leave to proceed in forma pauperis on March 6, 2006, in case number 06-00270. The court shall take judicial notice of that motion and grant it in a separate order issued concurrently with this order. Accordingly, the Findings and Recommendations filed on October 4, 2006, shall be vacated.

On November 16, 2006, plaintiff a motion seeking multiple forms of relief, none of which plaintiff is entitled to. First, with respect to plaintiff's motion for various court orders directed at prison personnel, the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Second, federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444

1  F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it,
2  it has no power to hear the matter in question.  <u>Id</u>.  Thus, any preliminary injunction must serve the
3  purpose of remedying a claim in the action.  If the order sought would not remedy a claim in the
4  action, the court has no power to issue the order.
5        As such, preliminary injunctive relief does not serve the purpose of allowing plaintiff to
6  obtain court orders in this action concerning his current conditions of confinement or his ability to
7  litigate this action effectively or efficiently, or addressing the problems he is encountering with the
8  mail system.  Plaintiff is housed at Kern Valley State Prison and the claims alleged in this action
9  accrued while plaintiff was housed at California State Prison-Corcoran.  Orders of the type described
10  in this paragraph would not serve to remedy claims arising from past conditions of confinement
11  plaintiff was subjected to while at Corcoran.
12        With respect to the three complaints plaintiff alleges he mailed to the court, plaintiff did not
13  state that he submitted an envelope bearing the cost to return a conformed copy of the complaint to
14  him.  In order to obtain a conformed copy of a filing, plaintiff must do more than submit three
15  copies. He must submit a self-addressed envelope bearing sufficient postage.  If plaintiff does not
16  submit such an envelope, no copy will be returned to plaintiff.  If plaintiff submits an envelope with
17  postage but the postage is insufficient, plaintiff will be sent only the first page of the filing.  The
18  court will, as a one-time courtesy, send plaintiff copies of the complaints in both actions.  <u>However,
19  as elaborated upon in the last two paragraphs in this order, plaintiff is not to use the complaint copies
20  as a basis to raise any further concerns with the court in this action regarding the contents of the
21  complaints or over who mailed what to where</u>.
22        Plaintiff's requests for judicial notice are denied.  "A judicially noticed fact must be one not
23  subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction
24  of the trial court or (2) capable of accurate and ready determination by resort to sources whose
25  accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "A court shall take judicial notice
26  if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).
27        "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial,
28  serving as a substitute for the conventional method of taking evidence to establish facts."  <u>York v.</u>

American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996) (internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997). "Matters may be judicially noticed in connection with pretrial motions as well as at trial." JUDGE ROBERT E. JONES ET AL., FEDERAL CIVIL TRIALS AND EVIDENCE § 8:935 (2006). At this juncture, there are no pre-trial dispositive motions pending and this matter has not yet been set for trial. Accordingly, plaintiff's requests for judicial notice are premature. The court will not take judicial notice of facts unless the request is made in conjunction with a pre-trial motion or trial.

Plaintiff requests the court to reconsider the dismissal of case number 1:06-cv-00270-OWW-WMW P. First, any such motion is misplaced in this action, and would have to be filed in case number 06-00270. Second, and of greater importance, plaintiff's request is illogical. Regardless of whether or not plaintiff intended to mail a complaint to Sacramento and regardless of who was responsible for mailing a complaint to Sacramento, one was received there and a case was opened as a result. It is a fact that the complaint in that action was duplicative of the complaint in this action. Case number 06-00270 was properly dismissed, and the court would under no circumstance set aside a dismissal for duplicity when the two cases were in fact duplicative.

Although plaintiff asserts his objective is to prove that he did not make duplicative filings and that defendants did so to get the complaint dismissed, a goal they accomplished, (1) it is irrelevant who caused the duplicative filings, as no prejudice has befallen plaintiff, and (2) no such goal was accomplished. Two actions were opened, and the complaint in each action set forth the same claims. One action was dismissed, but the other one - this action - remains open and pending. Thus, plaintiff's action has *not* been dismissed and plaintiff has suffered *no* harm as a result of the mix-up regarding the two actions. This concludes the court's review of plaintiff's motion. No further motions concerning the alleged mix-up regarding the documents sent to Sacramento and the documents sent to this court will be addressed.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendations, filed on October 4, 2006, is VACATED;
2. Plaintiff's motion for an extension of time to file an objection, filed November 6, 2006, is DENIED as moot;

3. Plaintiff's motion for miscellaneous relief, filed November 13, 2006, is DENIED; and

4. As a one-time courtesy, the Clerk's Office shall send plaintiff copies of his complaints in this action and in case number 06-00270.

IT IS SO ORDERED.

Dated:     **December 15, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                       UNITED STATES MAGISTRATE JUDGE