# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND, | CASE NO. 1:06-cv-00198-OWW-GSA PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| A. K. SKRIBNER, et al., | (Doc. 18) |
| Defendants. | |

I.  Screening Requirement

Plaintiff Shaun Darnell Garland ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff filed this action on February 22, 2006. On December 18, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8(a). Plaintiff filed an amended complaint on March 23, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

III.  Plaintiff's Claims

Plaintiff is an inmate housed at Kern Valley State Prison in Delano, California. Plaintiff is seeking to impose liability on defendants, all of whom are or were employed by the California Department of Corrections and Rehabilitation, based on events which occurred when plaintiff was housed at California State Prison-Corcoran. Plaintiff alleges that defendants violated his constitutional rights when they retaliated against him, and discriminated against him. Plaintiff is seeking money damages and declaratory relief.

A.  Retaliation Claim

On May 31, 2000, plaintiff was re-designated as an inactive gang member and released from the Security Housing Unit into general population. Plaintiff alleges that during his hearing held on May 31, 2000, defendant Perry, the head of the Special Services Unit, told him that prison officials would be watching him closely in general population. On January 6, 2004, plaintiff filed a civil rights suit, and on January 29, 2004, plaintiff was transferred to CSP-Corcoran. Plaintiff alleges that between June 10, 2004, and July 6, 2005, he was retaliated against by defendants for filing grievances and the 2004 civil rights suit.

///

Specifically, plaintiff alleges that defendants Skribner, Woodford, Grannis, and Sheppard-Brooks retaliated against him by failing to respond to his written inquires and/or complaints concerning their subordinates' misconduct. (Doc. 18, 2nd Amend. Comp., ¶¶6, 7, 9, 11.) Plaintiff alleges that defendant Ortiz retaliated against him when Ortiz denied his appeal raising a mail delivery delay issue and requesting the identity of the responsible person, and made the determination that there was no one responsible for the delivery failure. (Id., ¶13.) Plaintiff alleges that defendant Hodges-Wilkin retaliated against him when she made the determination that defendant Burnias was not retaliating against plaintiff, and that defendant Hartenstien retaliated against him when he made the determination that defendant Peters was not retaliating against plaintiff. (Id., ¶¶14, 19.) Plaintiff alleges that defendant Perry retaliated against him when he told plaintiff that he would be watched closely while in general population and plaintiff was subsequently monitored closely. (Id., ¶17.) Plaintiff alleges that defendant Pulley failed to process an administrative appeal in retaliation against him, and that defendant Peters retaliated against him in relation to the disappearance of an appeal submitted to defendant Pulley. (Id., ¶¶21, 23.) Plaintiff alleges that defendant Ortiz retaliated against him by failing to provide documents he requested from his central file needed for court litigation and filing administrative appeals, and defendant Silva retaliated against him by failing by identify the parties responsible for obstructing plaintiff's mail and by producing a CDC-119 document setting forth misinformation concerning when plaintiff's filing were sent to the court. (Id., ¶¶25, 27.) Plaintiff alleges that defendant Larkin retaliated against him by obstructing legal filings from reaching the court, and defendant Lerma retaliated against him by collecting three copies of filings that never reached the court. (Id., ¶¶29, 31.) Finally, plaintiff alleges merely that defendant Burnias retaliated against him. (Id., ¶33.) Plaintiff also alleges that all defendants except Skribner retaliated against him because of his mislabeling as an inactive gang member.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment

3

retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

      Plaintiff alleges that he was retaliated against for filing suit in court and for filing prison grievances. Both activities are protected under the First Amendment. However, plaintiff's allegations do not support a claim that any of the defendants took adverse action within the meaning of First Amendment jurisprudence against him. Mere silence in response to plaintiff's written inquires, for example, is not action sufficiently adverse to rise to the level of a constitutional violation. See Rhodes, 408 F.3d 559 at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt, 65 F.3d at 806 (retaliatory prison transfer and double-cell status in retaliation); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled him a snitch and approached by other inmates and threatened with harm as a result); Rizzo, 778 F.2d at 530-32 (retaliatory reassignment out of vocational class and transfer to a different prison). Further, because plaintiff's classification status as an inactive gang member does not constitute protected conduct under the First Amendment, it does not provide

///

4

a basis upon which plaintiff may assert a retaliation claim. Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983 for retaliation.

   B. <u>Equal Protection Claim</u>

  "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432 (1985) (citing <u>Plyler v. Doe</u>, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001) (quoting <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting <u>Maynard v. City of San Jose</u>, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

  Although plaintiff alleges that his right to equal protection was violated, plaintiff's amended complaint is devoid of any facts supporting a claim that defendants intentionally treated him differently than other similarly situated inmates based on his classification as an inactive gang member or for any other reason. Therefore, plaintiff fails to state a claim for relief under section 1983 for violation of the Equal Protection Clause.

   C. <u>Section 1986 and Section 1986 Claims</u>

  Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. <u>Gillispie v. Civiletti</u>, 629 F.2d 637, 641 (9th Cir. 1980); <u>Giffin v. Breckenridge</u>, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992).

///

5

In interpreting these standards, the Ninth Circuit has held that a claim under section 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994). Plaintiff may not pursue a claim for relief under section 1986 unless he has first stated a claim for relief under section 1985. McCalden v. California Library Assoc., 955 F.2d 1214, 1223 (9th Cir. 1992).

Plaintiff's amended complaint sets forth no facts supporting claims for relief under section 1985 or section 1986.

D. Declaratory Relief

In addition to money damages, plaintiff seeks a declaration of his rights. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated. Accordingly, a declaration that defendants violated plaintiff's rights is unnecessary, and this action shall proceed as one for money damages only.

E. Claims Against Defendants in Their Official Capacities

Plaintiff alleges that he is suing defendants in their individual and official capacities. This is a suit for money damages, and a damage suit against state officials in their official capacity is barred by the Eleventh Amendment. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d

469, 472 (9th Cir. 1992). The Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). Therefore, where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991). Plaintiff may proceed against defendants in this action in their personal capacity only, and his second amended complaint should omit reference to an official capacity suit.

IV.   Conclusion and Order

For the reasons set forth herein, plaintiff's amended complaint fails to state any claims upon which relief may be granted under sections 1983, 1985, and 1986. The court will provide plaintiff with one final opportunity to amend to cure the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that liability may not be imposed under section 1983 on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of

constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint; and

4. If plaintiff fails to file a second amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 26, 2008**             /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE